IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SHULAR** § § § | | |
| **v.** § § § | Civil Action No. 5:20-cv-01405 | |
| **VOYAGER ENERGY SERVICES, LLC** § § § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **CHRISTOPHER SHULAR**, hereinafter referred to as "Plaintiff," bringing this cause of action under the Americans with Disabilities Act of 1990 (ADA) as Amended, the Age Discrimination in Employment Act (ADEA), and also under the Fair Labor Standards Act 29 U.S.C. § 203 et. seq. against Defendant **VOYAGER ENERGY SERVCIES, LLC**. For cause of action, Plaintiff respectfully shows unto the Court the following:

**I.
PARTIES**

1.      Plaintiff **CHRISTOPHER SHULAR** is a resident of Kennedy, Karnes County, Texas, and is a former employee of Defendant.

2.      Defendant **VOYAGER ENERGY SERVICES, LLC**. is a Texas LLC doing business in Karnes County, Texas within the Western District of Texas, San Antonio

1

Division.  Defendant may be served by serving its registered agent, Jerry Don Thompson 4415 S. Georgia, Suite 108, Amarillo, TX 79110.  A waiver of service has been requested.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law, The Americans With Disabilities Act, the Age Discrimination in Employment Act, and the Fair Labor Standards Act.

4. Venue is proper in the Western District of Texas, San Antonio Division because the Defendant is a resident of and/or does business in this District.

## III.
## MISNOMER/MISIDENTIFICATION

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## RESPONDEAT SUPERIOR

6. Employees involved in this cause of action were, at all times described herein, employees of Defendant and were always acting in the course and scope of that employment.  Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

## V.
## FACTUAL BACKGROUND

2

7. Defendant Voyager Energy Services, LLC is a well services company that does business in Texas.

8. Mr. Shuler worked for the Defendant as an Area Manager beginning on or about February 2, 2016 until he was terminated on or about October 22, 2019.

9. Mr. Shuler is a veteran and has service-connected disabilities including damage to his knee and inner-ear.  These affect his major life activities of standing, hearing, and maintaining balance.   He also has arthritis.

10. Mr. Shuler is married to Patricia Villarreal.  Ms. Villareal has severe asthma and respiratory disorders that interfere with her major life activity of breathing.

11. Mr. Shuler advised several of Defendant's owners and management about his medical conditions.

12. He advised one of Defendant's owners, Bruce Thompson, about his disabilities on or about February 2, 2016, and on other occasions during his employment.

13. He also informed Jerry Don Thompson, another owner of Defendant, that he had disabilities on or about February 2, 2016, and also discussed his military service and disabilities throughout his employment.

14. Mr. Shuler also informed other managers about his disabilities including Derrick Birdon, Blake Reid, and Jessie Bishop.

15. On or about October 26, 2017, Mr. Shuler was informed that his compensation would be changing.  From that point on he was paid a salary of $62,000.00, a total per diem of $23,725.00 and a vehicle allowance of $12,000.00.  He was also able to make commissions.

16. On or about April 2, 2019, May 23, 2019, July 25, 2019, and August 30, 2019 Mr. Shular had to take time off work to help his wife who was hospitalized due to her medical conditions.

17. Although Shular was allowed to take time off to help care for his wife he was expected to work additional hours in order to make of for the missed time.

18. Despite the fact that he was supposedly a salaried employee, his vacation time balance, sick leave time balance, and medical leave time balances would be questioned when he left to take care of his wife.

19. On or about September 17, 2019, Mr. Shuler was informed that Devynn Birdow was being sent to South Texas to take over Operations from Mr. Shuler.

20. Devynn Birdow was approximately 25 years old at the time.  Mr. Shuler was 44 years old at the time.

21. Shuler was instructed by management to allow Birdow to take over and to follow his instructions and decisions.

22. However, Birdow made numerous misjudgments, poor decisions, and demonstrated a lack of experience performing the work.  These decisions cost the Defendant several thousand dollars.

23. Mr. Shuler was concerned that he was being pushed to the side and replaced because of his age and was being replaced by someone who was both younger and less qualified.

24. Mr. Shuler reached out to Jerry Don Thompson to discuss his concerns about being discriminated against due to his age on or about September 25, 2019. However, nothing resulted from this complaint.

25. On or about October 15, 2019 Shuler discussed his concerns about being replaced by a younger, less experienced employee with Todd Firkins, a Product Manager. Mr. Firkins told Shuler that he was also frustrated that the company was choosing a younger less experienced person.

26. Mr. Shular also reported customer complaints about projects being managed by Birdow to Defendant. Defendant then called Shular and criticized him for getting involved.

27. On or about October 17, 2019, Shuler also discussed his concerns about being replaced by a younger, less experienced employee with Judd Miller, Defendant's Fleet Manager. Miller was also confused by the decision and asked Shular, "Why are they treating you this way?"

28. Additionally, October 17, 2019, Shular was instructed to go out into the field as a technician to rig up a job. This was done despite the fact that Shular was unable to work on rig up jobs due to the fact that the noise on those jobs greatly aggravated his hearing/inner ear disability, even with hearing protection.

29. On October, 23, 2019, Mr. Shular was informed that he was being terminated by Defendant. He was not given a reason for the termination.

30. Mr. Shuler was not given any warnings or write-ups prior to the termination on October 23, 2019.

31. Defendant improperly classified Plaintiff as an exempt employee. He performed manual labor as part of his duties and could not hire or fire.

32. Plaintiff regularly worked 15 hours a day, including weekend days, but despite that he was paid the same wage regardless of the number of hours worked.

33. Plaintiff was improperly paid on a salary basis. The salary paid was $62,000.00 per year and he was also paid a total per diem of $23,725.00 per year.

34. Based on a 40 hour work week, and calculation based on per diem and salary, Mr. Shuler was being paid an hourly rate of $41.21 and a weekly wage of $1,648.40. As such a proper overtime rate would have been $61.81.

35. Based on the fact that Mr. Shuler was working 105 hours per week he should have been paid $1,648.40 in base wage and $4,017.65 in overtime, based on 65 hours over 40 per week.

36. The relevant time period for this FLSA claim is from December 10, 2017 until the date of Mr. Shuler's termination on October 23, 2019, a 97 week period. Defendant failed to pay Mr. Shuler's overtime during that period and as such underpaid him by $4,017.65 per week for a total of $389,712.05.

37. Under the FLSA he is entitled to a like amount of liquidated damages based on his loss of wages.

## VI.
## COVERAGE UNDER THE FLSA

38. At all material times, Defendants have acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

39. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

42. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VII.
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

43. The FLSA requires employers to pay hourly employees an overtime premium of "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The "regular rate" is the employee's compensation stated on an hourly basis. 29 C.F.R. § 778.109; *Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 579–80 (1942). The Defendants' failure to pay overtime and/or forcing Plaintiff to work any off the clock hours violated the Fair Labor Standards Act of 1938 as currently amended

and codified at 29 U.S.C. §201 *et seq.* (FLSA). Therefore, Plaintiff is entitled to recover regular and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one-and-one half times his hourly rate.

44. Plaintiff would show that the FLSA violations were willful and as such Plaintiff is entitled to accrued, unpaid overtime wages. Plaintiff is further entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendant's failure to take reasonable steps to comply with the FLSA. Plaintiff is also entitled to recover mandatory attorney's fees under the statute.

## VIII.
## DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

45. The evidence will show that:

   a. Plaintiff disabled under the ADA (hearing, knee);

   b. Plaintiff was qualified for his position;

   c. Plaintiff suffered an adverse employment action in that he was terminated; and

   d. The circumstances arising raise an inference of disability discrimination.

46. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

47. The evidence will further demonstrate that other employees without disabilities and/or that were not regarded or perceived as disabled were treated more favorably than Mr. Shuler.

48. The evidence will further show that:

(1) Plaintiff was associating with a disabled person and Defendant was aware of the association (Plaintiff's wife, who had breathing disabilities, COPD and severe Asthma;

(2) Plaintiff was qualified for his position;

(3) Plaintiff suffered an adverse employment action in that he was terminated; and,

(4) The circumstances arising raise an inference of disability discrimination.

## IX.
## AGE DISCRIMINATION AND RETALIATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

49. The evidence will show that:

(1) Plaintiff was within the category of persons protected by the ADEA (44 years old at time of termination);

(2) Plaintiff was qualified for his position;

(3) Plaintiff suffered an adverse employment action in that he was terminated and;

(4) The circumstances arising raise an inference of age discrimination (Plaintiff was replaced by a younger, less-qualified employee, Devynn Birdow.

50. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

51. The evidence will further demonstrate that other younger employees were treated more favorably than Mr. Shular.

52. The evidence will also show that Defendant retaliated against Plaintiff after he complained about age discrimination.

## X.
## ATTORNEY'S FEES

53. It was necessary for Plaintiff to retain the services of the undersigned attorney to prosecute this action. Plaintiff IS entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to prosecute this action as authorized under the FLSA. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

   a. Preparation and trial of the claim, in an amount the jury deems reasonable;

   b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

   c. An appeal to the 5th Circuit Court of Appeals, in an amount the jury deems reasonable;

   d. Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and,

   e. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XI.
## DAMAGES

54. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant:

a. Overtime pay, time and one half pay or whatever amount is deemed appropriate by the court, for all hours worked while employed by Defendant that were in excess of 40 hours per week and for all regular time and/or overtime hours worked "off the clock" during the business day;

b. Lost wages in the past and future

c. Compensatory damages for mental anguish and inconvenience related to the ADA and ADEA claims.

d. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff;

e. All reasonable and necessary costs incurred in pursuit of this suit;

f. Expert fees as the Court deems appropriate;

g. Pre and Post judgment interest as allowed by law;

## XII.
## JURY DEMAND

55. Plaintiff further demands a trial by jury. A jury fee has been tendered.

## XIII.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiff and against the Defendant, for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, liquidated damages, and for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**/s/ *Alan Braun***
**Adam Poncio**
**State Bar No. 16109800**
**salaw@msn.com**
**Alan Braun**
**State Bar No. 24054488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 310**

        **San Antonio, Texas  78229**
        **Telephone: (210) 212-7979**
        **Facsimile:   (210) 212-5880**

        **ATTORNEYS FOR PLAINTIFF**